UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

DAVAYON J. SAUNDERS,

    Plaintiff,

v.                                                 Case No.: 7:21-cv-00112-JPJ-PMS

DAPHINE NORMAN,
aka Daphne Norman,

    Defendant.

## ANSWER TO COMPLAINT

NOW COMES the Defendant, Daphne Norman, (identified in the Complaint as "Head Nurse of RCJ Roanoke City Jail Daphine Norman, Daphne Norman", hereinafter "Daphne Norman" or "the Defendant"), by counsel, and hereby submits the following as her Answer to the Plaintiff's Complaint (Doc. 1).

1. With regard to the allegation that the Defendant is the Head Nurse at the Roanoke City Jail, the allegation is denied.

2. With regard to the allegation that the Plaintiff had COVID-19, it is admitted that the medical records reflect that Plaintiff on 1/28/21, Plaintiff had a positive COVID-19 test.

3. With regard to the allegation that Plaintiff had "bad chess [sic] pains every day", this allegation is denied.

4. With regard to the allegation that Plaintiff asked a deputy to call the nurse due to his "chess pain", the Defendant is without sufficient information to admit or deny this allegation. Strict proof thereof is demanded.

5. With regard to the allegation that Daphne Norman was responsible for getting "jail movement people to move [Plaintiff] to the hole and not to medical", the allegation is denied.

6. With regard to the allegation that Plaintiff has been "in the hole", to the extent Plaintiff is alleging that he was placed in segregation, it is admitted that for a period of time he was placed on *medical segretation* while he had COVID-19 to prevent the spread of this infection to other inmates.

7. With regard to the allegation that Plaintiff was placed "in the hole" at some other time for a different reason, this Defendant is without sufficient information to admit or deny this allegation. Strict proof thereof is demanded.

8. With regard to the allegation that while Plaintiff was in segregation due to his COVID-19 diagnosis, no nurse checked on him, this allegation is denied.

9. With regard to the allegation that Plaintiff's "mental health is bad", this allegation calls for an expert medical opinions, and as such, no response is required from the Defendant.

10. With regard to the allegation that Plaintiff tried to call a nurse to talk to him on 2/16/21 and the description of what ensued thereafter, the Defendant is without sufficient information to admit or deny this allegation. Strict proof thereof is demanded.

11. With regard to the allegation that the Defendant "is not caring about me or no other inmate that have COVID-19", the allegation is denied.

12. With regard to the sentence that states "[p]eople is human's not animal's", this is not an allegation, and as such, no response is required.

13. With regard to Plaintiff's prayer for relief, the Defendant denies that she is indebted to the Plaintiff in any way or for any sum, and further denies that the Plaintiff is entitled to any of the relief sought from her in this section of the Complaint or elsewhere.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not been denied any rights protected by the United States Constitution, any provision of the United States Code, or any provision of the Virginia Code Annotated.

### THIRD AFFIRMATIVE DEFENSE

The Defendant denies that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of the Defendant. The Defendant further denies that she is liable to Plaintiff in any amount.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant avers that any injury, damage, or loss alleged by Plaintiff was the result of pre-existing or subsequently existing medical conditions; due to incidents that occurred prior to or subsequent to any act or conduct of the Defendant; and/or due to the acts or omissions of third parties including the Plaintiff himself.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants aver that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e and other applicable law.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant cannot be held liable on the theories of *respondeat superior*, agency, and/or vicarious liability.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant avers that when she provided medical care to the Plaintiff, she exercised the same degree of care, skill and diligence that other health care providers in her field of specialty would have exercised under similar circumstances, and at no time did she act towards Plaintiff with deliberate indifference to a serious medical need.

## EIGHTH AFFIRMATIVE DEFENSE

The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(c) mandates the dismissal of Plaintiff's claims herein, as this action in regard to this Defendant is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant. The Defendant is entitled to immunity from such damages.

## NINTH AFFIRMATIVE DEFENSE

Any alleged negligence on the part of the Defendant is not actionable, since Daphne Norman acted in good faith and with due care in regard to the prevailing professional standard of care in her care and treatment of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to amend her affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for such.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has attempted to bring a state law medical negligence claim against Daphne Norman, he has failed to comply with the provisions of Virginia Code §8.01-20.1 with regard to expert certification requirements.

## JURY TRIAL DEMANDED

The Defendant demands a trial by jury.

Respectfully submitted,

DAPHINE NORMAN aka
Daphne Norman

_____/s/_____
Grace Morse-McNelis, Esq. VSB #75957
Sands Anderson PC
1111 East Main Street, Suite 2400
PO Box 1998
Richmond, VA  23218
(804) 648-1636
(804) 783-7291 fax
gmorsemcnelis@sandsanderson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I further certify that I will mail the document by U.S. mail to the following non-filing user:

Davayon J. Saunders, #1450472
Roanoke City Jail
340 Campbell Ave, SW
Roanoke, VA  24016
*Plaintiff, pro-se*

/s/
Grace Morse-McNelis, Esq. VSB #75957
Sands Anderson PC
1111 East Main Street, Suite 2400
PO Box 1998
Richmond, VA  23218
(804) 648-1636
(804) 783-7291 fax
gmorsemcnelis@sandsanderson.com